UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ALYSSA ERIN GILCHRIST,
                     Defendant.

Case No. MJ21-5064 TLF

DISTRICT OF UTAH
Case No. 4:21-CR-00019

DETENTION ORDER

      THE COURT conducted a hearing under the Bail Reform Act, 18 U.S.C. §3142(g), and Fed. R. Crim. P. 5(d)(3) on March 29, 2021 and determined that detention is appropriate because no condition or combination of conditions will reasonably assure the safety of any other person and the community, nor would the Court be able to mitigate the defendant's risk of flight or risk of failure to appear for proceedings in the District of Utah.

      The defendant stands charged in the United States District Court for the District of Utah with Possession with intent to Distribute Fentanyl. Dkt. 1. Under Fed. R. Crim. P. 5(c)(2), (3), and 5(d), Ms. Gilchrist was arrested in Washington State and was brought to the United States District Court for the Western District of Washington for an initial appearance on March 22, 2021. Dkt. 5. The Government filed a motion for detention. Dkt. 4. Ms. Gilchrist waived the Fed. R. Crim. P. 5(c)(3) hearing to determine identity, and consented to be transferred; the Court ordered her transfer to Utah. Dkt. 11. The Court conducted a detention hearing on March 29, 2021. Dkt. 10.

      Under Fed. R. Crim. P. 5(c),(d), it is important for the Court in the arresting jurisdiction to consider the interests of the charging jurisdiction; in this matter, interests of The United States District Court for the District of Utah, in following up to ensure the defendant appears for proceedings in that Court, are considered. *United States v.*

*Dominguez,* 783 F.2d 702, 704-05 (7th Cir. 1986); *United States v. Savader,* 944 F. Supp. 2d 209, 213-215 (E.D.N.Y. 2013).

The defendant is entitled to a presumption of innocence, and under the Bail Reform Act, the Court is required to determine -- taking into full consideration the defendant's constitutional rights and that the defendant is presumed innocent -- whether the defendant should nevertheless be detained pending trial. *United States v. Motamedi,* 767 F.2d 1403, 1408 (9th Cir. 1985).

The government must show by a preponderance of the evidence that Ms. Gilchrist is a non-appearance risk, or by clear and convincing evidence that Ms. Gilchrist is a danger to the community. *United States v. Hir,* 517 F.3d 1081, 1086 (9th Cir. 2008).

Although the four factors listed in 18 U.S.C. § 3142(g) permit this Court to consider the nature of the offense currently charged, and the evidence of guilt, these factors are considered only in the context of evaluating the likelihood that the person will fail to appear or will pose a danger. *United States v. Motamedi,* at 1408. Even if a defendant poses a danger to others or to the community, the defendant must be released when the Court determines there would be a "condition or combination of conditions [that] will reasonably assure. . .the safety of any other person and the community." *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

The government met its burden of showing risk of flight or risk of failure to appear by a preponderance of the evidence, and by clear and convincing evidence that Ms. Gilchrist presents a serious risk of dangerousness to others and to the community. The Pretrial Services Report (Dkt. 12) shows that she has had an ongoing relationship with an individual who appears to have been in touch with Ms. Gilchrist by text during her involvement in the course of events that led to Ms. Gilchrist being charged in the instant case. Dkt. 12 at 2-3. The Court considered the offense charged in the Indictment, and

information provided by the Government and Pretrial Services concerning the dangerousness shown by the facts alleged – approximately seven pounds of a substance containing fentanyl, which demonstrates extremely lethal potential for harming other persons and the community. Dkt. 12 at 3. Allegations of transporting such a large quantity of fentanyl powder shows the defendant poses an extraordinary risk of danger to other persons and to the community. This cannot be mitigated by conditions of supervision, because the defendant's association with her roommate or partner, Mr. Seth Capone White, would make it extremely difficult for pretrial services to monitor Ms. Gilchrist and prevent her from fleeing, or engaging in additional criminal activity on her own, or with Mr. White. Although her roommate/romantic partner Mr. White has a criminal history, Ms. Gilchrist, by contrast, does not. The Court considered that Ms. Gilchrist has significant ties to the community – Pretrial Services interviewed her mother; and Ms. Gilchrist also has a young child, and Ms. Gilchrist has a job. But, these facts are outweighed by the risk of dangerousness and risk of flight.

The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for transfer to the United States District Court for the District of Utah, and for the purpose of an appearance in connection with a court proceeding.

April 1, 2021

Theresa L. Fricke
United States Magistrate Judge